UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN DUANE HALL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:04-CV-1498 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter arises on Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"), filed October 29, 2004. (Doc. No. 1). The matter is briefed and ready for disposition.[1]

## **BACKGROUND**

Movant, Shawn Duane Hall ("Movant"), was charged by indictment with one count of conspiring to distribute and possess with intent to distribute heroin in violation of Title 21, United States Code, Sections 841(a)(1) and 846. (4:03-cr-551 JCH-4, Doc. No. 1). On March 8, 2004, Movant entered a guilty plea to Count I of the indictment. (4:03-cr-551 JCH-4, Doc. No. 164). On May 28, 2004, the Court sentenced Movant to 120 months imprisonment, followed by five years of supervised release. (4:03-cr-551 JCH-4, Doc. No. 236). Movant filed a direct appeal; however, the Eighth Circuit dismissed it as untimely. (4:03-cr-551 JCH-4, Doc. No. 284).

As stated above, Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on October 29, 2004 (Doc. No. 1) and supplemented it on January 24,

---

[1]The Court notes that Movant never filed a traverse.

1

2005 (Doc. No. 5) and again on March 24, 2005 (Doc. No. 10). In his § 2255 Motion, Movant presents the following grounds for relief:[2]

1. He received ineffective assistance of counsel, in violation of the Sixth Amendment, because his counsel failed to have the drugs at issued tested and did not let him listen to recordings that were part of the government's evidence;

2. His conviction was the result of a coerced confession, in violation of his privilege against self-incrimination;[3]

3. His sentence violates his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005);

4. The Government breached its plea agreement with him by failing to file a motion for a downward departure on his sentence; and

5. The Court erred by ordering that his sentence shall run consecutively with any sentence imposed after the revocation of his supervision pursuant to the judgment in 4:97-CR-121 CEJ.

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless

---

[2]The Court has renumbered the grounds for clarity.

[3]Movant characterized this count as two separate claims in his Petition.

2

the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043.

## **PROCEDURAL DEFAULT**

Movant's appeal was dismissed as untimely; therefore, he did not raise any of the current claims on direct appeal. If a claim could have been raised on direct appeal, but was not, it cannot be raised in a § 2255 motion unless Movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 168 (1982); Mathews v. United States, 114 F.3d 112, 113 (8th Cir. 1997); Schneider v. United States, 981 U.S. 989, 990 (8th Cir. 1992). If Movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person. . . ." Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of actual innocence must be based on "new evidence," and must convince the court that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327 (1995). See also, Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion).

In Ground Two, Movant claims that his conviction was obtained because of a coerced confession. In Ground Four, Movant claims that the Government breached the plea agreement by not

3

filing a motion for a downward departure on his sentence.[4] In Ground Five, Movant claims that the Court erred by sentencing him to consecutive terms. Movant failed to raise these claims on direct appeal. Furthermore, Movant has not shown cause and actual prejudice to excuse his failure to raise his claims on direct appeal. See Frady, 456 U.S. at 168. Moreover, Movant has not presented new evidence tending to establish that he is actually innocent of the crimes for which he pled guilty and was sentenced. See Schlup, 513 U.S. at 327. Indeed, Movant does not dispute his guilt. Accordingly, Grounds Two, Four and Five of his § 2255 Motion are procedurally barred.

With respect to Movant's claim for ineffective assistance of counsel, although Movant did not raise this claim on direct appeal, it is not subject to procedural default because it could not have been raised on direct appeal. An ineffective assistance of trial counsel claim is "usually not cognizable on direct appeal 'because facts outside the record generally need to be developed to resolve the claim.'" United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (quoting United States v. Hawkins, 78 F.3d 348, 351 (8th Cir. 1996)). Thus, it is well-settled that an ineffective assistance of counsel claim is not cognizable on direct appeal if the issue has not been previously examined by the trial court. See e.g., Jones, 121 F.3d at 370 (citing United States v. Holy Bear, 624 F.2d 853, 856 (8th Cir. 1980)); United States v. Williams, 897 F.2d 1430, 1434 (8th Cir. 1990) ("Ordinarily we do not consider ineffective assistance of counsel arguments in direct appeals"); United States v. Long, 857 F.2d 436, 448 (8th Cir. 1988) (Bowman, J., concurring) ("It is both inappropriate and unwise for an appellate court to consider on appeal issues that the trial court has not had an opportunity to consider and with respect

---

[4]The government, however, did file this motion. (4:03-cr-551 JCH-4:Ex Parte Motion for Departure Pursuant to Section 5K1.1 of the Federal Sentencing Guidelines, Doc. No 231). Thus, even if this claim was not procedurally barred, it would be meritless.

to which a record has not been developed"). Because this Court did not examine Movant's ineffective assistance of counsel claim in any trial or post-trial proceeding, the claim was not cognizable on direct appeal. Therefore, Movant's ineffective assistance of counsel claim is not procedurally barred, and may be decided by the Court in this § 2255 motion.

## DISCUSSION

### I. Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). In Ground One, Movant claims that he received ineffective assistance of counsel because his counsel failed to have the "drugs tested" and did not allow him to listen to the wire-tap intercept tapes that the government had collected as evidence. (Petition, Doc. No. 1 pg. 7).

5

Upon consideration, the Court does not find that Movant can satisfy either prong of Strickland. The evidence does not show that Movant's counsel was deficient. Movant, in his Plea Agreement, stipulated that he was "completely satisfied with the representation he received from defense counsel." (Response, Doc. No. 6 Ex. 1, Plea Agreement at pg. 12). At his plea hearing, Movant told the Court under oath that he was satisfied with his representation. (Id. at Ex. 2, Plea Hearing Transcript pg. 8). His attorney also asserts that he properly represented Movant. (Id. at Ex. 3, Huber Aff. ¶ 7-17).

Additionally, Movant cannot show that he was prejudiced by any alleged ineffective assistance. The record shows that Movant wished to cooperate with the government and Movant never asserted that the alleged ineffective assistance caused him to plead guilty. In Movant's habeas petition, he states that "[f]urther the listening of the tapes would have permitted me to compel counsel to hold the government to its burden of proof beyond a reasonable doubt, had I *elected* to proceed to trial." (Petition, Doc. No. 1 pg. 7). By his own admission, Movant knowingly and voluntarily chose between the alternatives of trial and pleading guilty, and that this choice was not impacted by the alleged deficiencies of counsel. Because no indication exists that Movant would have demanded to go to trial, no prejudice exists. Thus, the Court will deny Ground One.

## II.  *Booker* Claim

In Ground Three, Movant argues that his sentence violated Booker. When the Supreme Court announces a new procedural rule, such as Booker, it applies to all criminal cases still pending on direct review, but only applies to convictions that are already final in limited circumstances. Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). New procedural rules generally do not apply retroactively unless the rule is of "watershed" magnitude implicating the "fundamental

fairness and accuracy of the criminal proceeding." Schriro v. Summerlin, 542 U.S. 348 (2004). The Eighth Circuit holds that the Booker rule does not benefit a movant on collateral review if movant's conviction became final before the rule was announced.[5] See Lefkowitz v. United States, 446 F.3d 788, 791 (8th Cir. 2006); United States v. Hernandez, 436 F.3d 851, 855 (8th Cir. 2006) (holding Booker is not retroactive); Never Misses A Shot, 413 F.3d at 783-784 (collecting authority from other circuits). Movant's judgment became final before either Booker was decided by the Supreme Court. Thus, Movant cannot bring a claim based on these rules. Ground Three will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED** and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Dated this 22 day of January, 2007.

/s/ Jean C . Hamilton
UNITED STATES DISTRICT JUDGE

---

[5]The Supreme Court recently granted certiorari to determine whether Blakely applied retroactively on collateral review. See Burton v. Stewart, No. 05-9222 (U.S. Jan. 9, 2007). The Court, however, did not answer this question because petitioner failed to comply with 28 U.S.C. § 2244(b).